**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5217-15T2

JOSEPH E. WAGNER, SR.,

     Appellant,

v.

BOARD OF REVIEW and C & J
CLARK RETAIL, INC.,

     Respondents.

_____

          Submitted January 10, 2018 — Decided July 17, 2018

          Before Judges Fuentes and Koblitz.

          On appeal from the Board of Review, Department
          of Labor, Docket No. 024,002.

          Joseph E. Wagner, Sr., appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney
          for respondent Board of Review (Melissa H.
          Raksa, Assistant Attorney General, of counsel;
          Robert M. Strang, Deputy Attorney General, on
          the brief).

          Respondent C & J Clark Retail, Inc., has not
          filed a brief.

PER CURIAM

Joseph E. Wagner, Sr., appeals from the July 12, 2016 decision of the Board of Review (Board) denying his application for unemployment compensation benefits. The Board upheld the decision of the Appeal Tribunal that found appellant is disqualified from receiving unemployment compensation under N.J.S.A. 43:21-5(a) because he resigned from his position as a salesperson at C & J Clark Retail, Inc. (Clark), on April 24, 2014.

This is the second time this matter has come before this court. In an order dated May 9, 2016, entered pursuant to Rule 2:8-3(b), this court sua sponte summarily reversed the Board's March 2, 2015 decision upholding the Appeal Tribunal's decision that found appellant disqualified from receiving benefits on these same grounds. This court remanded the matter for the Board to determine whether appellant left his position at Clark only after he refused to accept "new work" which was not suitable because the remuneration, hours, or other conditions of the work offered were substantially less favorable. See N.J.S.A. 43:21-5(c).

The Board entered its remand decision on July 12, 2016. The Board determined the findings of fact made by the Appeal Tribunal were "substantially correct" and again found appellant ineligible to receive unemployment compensation benefits under N.J.S.A. 43:21-5(a). The Board found:

> [T]he employer needed the claimant to train someone else for the key holder position, and for this reason the employer offered [claimant] the temporary transfer to another location. This transfer was intended for only a short period of time or a few weeks. The change in location added 6.5 miles each way to the claimant's commute to work. The employer increased the claimant's salary from $30,490 to $33,105 for accepting the aforementioned temporary transfer.

Based on these factual findings, the Board held the temporary change in appellant's work location was not so substantial as to constitute an offer of "new work." In this light, the Board concluded the relevant standard for determining appellant's eligibility for benefits was under N.J.S.A. 43:21-5(a), <u>not</u> N.J.S.A. 43:21-5(c). The Board concluded that appellant was not eligible to receive benefits because he resigned from his position "without providing proper notice and discussing his concerns about the work with the employer . . . ."

A person is not qualified to receive unemployment compensation benefits if he or she "left work voluntarily without good cause attributable to such work . . . ." N.J.S.A. 43:21-5(a). A claimant bears the burden of establishing "good cause." N.J.A.C. 12:17-9.1(c). To establish "good cause," a claimant must prove that he or she left work due to a situation "over which the claimant did not have control or which was so compelling as to prevent the claimant from accepting work . . . [T]he claimant must

have made a reasonable attempt to remove the restrictions pertaining to the refusal." N.J.A.C. 12:17-11.4. We also apply "ordinary common sense and prudence" to determine whether an employee's decision to leave work constitutes good cause. Brady v. Bd. of Review, 152 N.J. 197, 214 (1997).

The judiciary's capacity to review the decision of State administrative agencies is limited. Pub. Serv. Elec. v. N.J. Dep't of Envtl. Prot., 101 N.J. 95, 103 (1985). The agency's ruling should not be disturbed unless it is arbitrary, capricious, or unreasonable. Brady, 152 N.J. at 210. Here, the Board complied with our remand order, reexamined the record developed before the Appeal Tribunal, and found the employer's temporary assignment was not a "new job offer." The decision to find appellant ineligible to receive unemployment compensation benefits is supported by the record. We discern no legal basis to disturb it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION